UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRATZ AERIAL AG SERVICE, INC., | No. 1:15-cv-1070-MCE-JLT |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| JOHN A. SLYKERMAN; AGRA FLY, INC.; et al., | |
| Defendants. | |

Plaintiff Kratz Aerial Ag Service, Inc. ("Plaintiff") brings claims against John Slykerman, Agra Fly, Inc., and others (collectively "Defendants") for contractual violations. Defendants counterclaim for breach of contract as well. Presently before the Court are Plaintiff's Motion to Strike affirmative defenses (ECF No. 9) and Motion to Dismiss the counterclaim (ECF No. 10).[1] For the reasons that follow, Plaintiff's Motion to Strike is GRANTED in part and DENIED in part. Plaintiff's Motion to Dismiss is DENIED.[2]

---

[1] Plaintiff also filed a Motion for Preliminary Injunction and Writ of Possession, which was subsequently withdrawn. ECF Nos. 11, 29.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

## BACKGROUND

In approximately March 2011, Defendants Slykerman and Agra Fly, Inc. ("Agra Fly") entered into a written contract with Plaintiff (the "Contract"). The Contract provided for the lease and purchase of a Bell UH-1B helicopter used for agricultural spraying (the "Aircraft"). Under the Contract, Agra Fly agreed to purchase the Aircraft from Plaintiff for $375,000.00. Slykerman Decl., ECF No. 15, at ¶ 6. Agra Fly was to pay Plaintiff on a bi-weekly basis at a rate of $800.00 per flying hour until the purchase price was satisfied. Id. The Contract further required that Agra Fly keep the Aircraft in good working condition and maintain it in accordance with manufacturer specifications. Kratz Decl., ECF No. 11, at ¶ 12. Agra Fly was required to insure the aircraft and name Plaintiff as the insurance beneficiary. ECF No. 7, Ex. A.

According to Defendants, however, in May 2011, Michael Kratz, who was then the president of Plaintiff, and Defendant Slykerman, the president and owner of Agra Fly, orally modified the contract. Plaintiff had outstanding invoices payable to Johnson Helicopter Service, Inc. ("Johnson Helicopter"). Slykerman Decl. at ¶ 8-9. Under the terms of the alleged modification, Agra Fly was to pay off the invoices Plaintiff owed to Johnson Helicopter, and Plaintiff was to credit the amount of those payments towards Agra Fly's purchase of the Aircraft. Id. The terms of this oral modification were conveyed to Johnson Helicopter in a meeting held between Michael Kratz, Slykerman, and Carlis Johnson (president of Johnson Helicopter) on May 1, 2011. Id. at ¶ 10. Between June 2011 and June 2012, Agra Fly paid approximately $89,000.00 to Johnson Helicopter on behalf of Plaintiff. Id. at ¶ 11.

During this same period, Agra Fly continued to make direct payments to Plaintiff. Id. at ¶ 12. By November 2012, Agra Fly had directly paid Plaintiff $236,000.00. Id. With the credited payments to Johnson Helicopter, Agra Fly owed Plaintiff $50,000.00. Id. On March 11, 2013, Agra Fly secured a loan and paid the remaining $50,000.00 to Plaintiff, fulfilling the obligation. Id. at ¶¶ 13-14. However, Plaintiff never transferred title

of the Aircraft to Agra Fly.  Id. at ¶ 15.  Michael Kratz died in a flying accident in November 2014.  Id. at ¶ 22.

Despite Defendants' claims that Agra Fly fully performed its contract obligations, Plaintiff initiated the present action, seeking to recover for: (1) claim and delivery of personal property; (2) money on contract; and (3) conversion.  In response, Defendants answered the Complaint, setting forth a host of affirmative defenses, and counterclaimed, alleging their own causes of action for: (1) breach of written contract; (2) specific performance; (3) declaratory relief; and (4) conversion.

Plaintiff moves to strike Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f)[3] and moves to dismiss Defendants' counterclaims under Rule 12(b)(6).  ECF Nos. 9 and 10.  In addition, Plaintiff seeks a writ of possession granting them possession of the Aircraft, or alternatively a preliminary injunction prohibiting Defendants from using the Aircraft.  ECF No. 11.[4]

## STANDARDS

### A.   Motion to Strike

Motions to strike are disfavored in part because of the limited importance of pleading in federal practice.  Spring v. Fair Isaac Corp., 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015).  Such motions are not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  Cervantes v. Cemex, Inc., 2014 WL 6090414, at *3 (E.D. Cal. Nov. 13, 2014).  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.  McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009), rev'd on other grounds, 474 Fed. Appx. 515 (9th Cir. 2012).  Unless the defenses sought to be

---

[3] Unless otherwise noted, all references to "Rule" or "the Rules" refer to the Federal Rules of Civil Procedure.

[4] The Court previously denied Defendants' request to shorten time on the hearing for the writ of possession.  ECF No. 18.

3

1  stricken are spurious or insufficiently pleaded, a court may consider them not as
2  affirmative defenses but as general denials or objections.  See Cervantes, 2014 WL
3  6090414, at *3.  In the Ninth Circuit, the "fair notice" required by the pleading standard
4  requires describing an affirmative defense in only general terms.  Castellano v. Access
5  Premier Realty7, Inc., 2015 WL 7423821, at *2 (E.D. Cal. Nov. 20, 2015); see 5 Charles
6  Alan Wright & Arthur Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)
7  (noting that affirmative defenses are sufficiently pleaded when they give fair notice of the
8  nature of the defense).

### B.  Motion to Dismiss

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

///

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## ANALYSIS

Plaintiff moves to strike Defendants' affirmative defenses and to dismiss their counterclaims.  The Court addresses each Motion in turn.

### A. Defendants' Affirmative Defenses Are, for the Most Part, Sufficiently Pled.

Plaintiff moves to strike various of Defendants' affirmative defenses under Rule 12(f).  With one exception, however, Defendants have satisfied the minimal requirements of fair notice in the present pleadings.  Defendants' first affirmative defense, "Failure to State a Cause of Action," attacks Plaintiff's prima facie case and need not be pleaded as an affirmative defense.  See Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (demonstration that plaintiff has not met burden of proof is not affirmative defense).  Plaintiff's Motion to Strike is therefore GRANTED as to this defense, but otherwise is DENIED.[5]

---

[5] Dismissal without leave to amend is proper if it is clear that the pleading "could not be saved by

**B.    Defendants Also Sufficiently Pled Their Counterclaims.**

**1.    Breach of contract**

Plaintiff argues that Defendants' first counterclaim for breach of written contract fails to allege sufficient facts and is uncertain.  According to Plaintiff, that particular counterclaim is vague, conclusory, and fails to allege the specific terms of the written contract that were breached.  The Court disagrees.

The standard elements for a breach of contract claim are: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff from breach.  See Wall Street Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (2008).  Defendants' allegations suffice.

First, Defendants allege the existence of a particular contract with Plaintiff in the form of the March 2011 lease-purchase contract.  Second, Defendants allege that they fully satisfied their obligations by paying the required amount of the Contract.  Third, Defendants allege that Plaintiff breached the contract by failing to transfer title of the Aircraft when payments were complete.  Finally, Defendants allege that damages arose from that failure.  That is all that is required.

Plaintiff's argument that the alleged oral modification of the contract by Michael Kratz and Defendants does not support a claim for breach of written contract misses the mark.  An alleged oral modification does not necessarily displace the underlying written contract.  See Eluschuk v. Chem. Eng'rs Termite Control, Inc., 246 Cal. App. 2d 463, 469 (1966) (noting that an "executed oral modification of a term or provision of the contract does not wholly extinguish the contract").  Plaintiff's claims about what terms are or are not part of the contract are inappropriate at this stage of the litigation.

Plaintiff also argues that because the contract contained no express terms relating to transfer of title, any subsequent oral modification was required to comply with

---

any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).  Because Plaintiff bears the burden of proving their cause of action, any amendment would be wholly unnecessary and futile.

the statute of frauds. This argument is not well-taken. The statute of frauds merely performs an evidentiary purpose, and does not purport to prevent enforcement of all oral contracts. See Siam Numhong Products Co., Ltd. v. Eastimpex, 866 F. Supp. 445, 450 (N.D. Cal. 1994). Plaintiff admits the existence of the Contract. The present dispute is over terms and satisfaction of that agreement. The statute of frauds requires only that essential or meaningful terms be included; ambiguities can be resolved by extrinsic evidence. In re Marriage of Benson, 36 Cal. 4th 1096, 1108 (2005). In the present Motion, ambiguities must be resolved in favor of Defendants. For present purposes, then, Defendants have alleged sufficient facts to state a claim for breach of contract.[6]

**2.     Defendants' counterclaim for declaratory relief**

Plaintiff next argues that the counterclaim for declaratory relief is not a proper stand-alone claim and is duplicative of the breach of contract claim. Defendants seek a declaration that Plaintiff has no right, title, ownership, or interest in the Aircraft. According to California law :

> Any person interested under a written instrument . . . or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief . . . .

Cal. Civ. Proc. Code § 1060. Federal courts may exercise jurisdiction over declaratory relief actions premised on state law, and stand-alone claims for declaratory relief are permitted. See McWilliams v. Hopkins, 11 F.2d 793, 795 (S.D. Cal 1926) (finding jurisdiction appropriate as long as diversity and jurisdictional amounts were satisfied). A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged

---

[6] Defendants withdrew their counterclaim seeking specific performance of the contract.

7

by the court.  Maguire v. Hibernia Svngs. & Loan Soc., 23 Cal.2d 719, 728 (1944).  Here, Defendants have sufficiently alleged an actual controversy over the ownership of the Aircraft.  The controversy arose from the Contract and the alleged oral modification, and Defendants properly asked the Court to address rights and duties arising from the agreement.  Although the availability of other adequate remedies may affect the ultimate necessity of declaratory relief, Maguire, 23 Cal.2d at 730, there is no bar at this early stage to alternative pleading.  Defendants have sufficiently pleaded a counterclaim for declaratory relief.

### 3. Defendants' Counterclaim for Conversion

Plaintiff finally argues that Defendants fail to state a claim for conversion.  The elements of a conversion claim are: (1) plaintiff's ownership or right to possess the property at issue; (2) defendant's conversion by wrongful act or disposition of property rights; and (3) damages.  Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1066 (1998). Conversion is any act of dominion wrongfully exerted over another's property in denial of or inconsistent with the rights therein.  Fischer v. Machado, 50 Cal. App. 4th 1069, 1072 (1996).  Money may be the subject of a conversion action if it involves a specific sum capable of identification.  Weiss v. Marcus, 51 Cal. App. 3d 590, 599 (1975).

Defendants' allegation that Plaintiff failed to credit the payments to Johnson Helicopter suffices to state a claim for conversion.  See PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 396 (2007) ("[Actions] for conversion of money typically involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others."); Fischer, 50 Cal. App. 4th at 1072 (action for conversion proper where earned commissions were used for personal purposes rather than turning them over to plaintiff as obligated to do).  According to Defendants, Plaintiff wrongfully disposed of $89,488.43 in payments made to Johnson Helicopter by failing to credit that amount towards the purchase of the aircraft. Defendants' thus allege both a specific amount and Plaintiff's wrongful treatment of the

///

payment and have sufficiently stated a claim for conversion. Plaintiff's Motion to Dismiss is therefore DENIED.

### C. Order to Show Cause

In the course of briefing their opposition to Plaintiff's Motion for Preliminary Injunction, Defendants raised alarming questions as to whether the individual purporting to bring this action on behalf of Plaintiff, Aaron Kratz, actually has any power to do so. Def.'s Opp., ECF No. 15, at 8; Slykerman Decl. at ¶¶ 16-25. Defendants also raise questions as to the corporate Plaintiff's capacity to sue. Def.'s Opp. at 8; see N.D. Cent. Code Ann. § 10-19.1-146 (annual reporting requirements and involuntary dissolution). If Plaintiff has not properly initiated this action by way of a person authorized to act on its behalf or through a corporation that itself has the capacity to act, it certainly is not entitled to possession of the aircraft. More importantly, to the extent standing may be implicated, this Court has a duty to determine whether the proper parties are before it. Accordingly, Plaintiff, through its representative, and its counsel are ordered to personally appear before this Court in Courtroom 7 at 2:00 p.m. on Thursday, March 24, 2016, to show cause as to whether the individual purporting to act on Plaintiff's behalf is in fact authorized to do so and whether the corporation currently has the capacity to have initiated this litigation. Failure to comply with this order will result in the imposition of sanctions, up to and including dismissal of this action, upon no further notice to the parties.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike affirmative defenses (ECF No. 9) is GRANTED without leave to amend as to Defendants first affirmative defense, but otherwise DENIED. Plaintiff's Motion to Dismiss (ECF No. 10) is DENIED.

Plaintiff, through its representative, and its counsel are ordered to personally appear before this Court in **Courtroom 7 at 2:00 p.m. on Thursday, March 24, 2016**, to

1  show cause as to whether Aaron Kratz is authorized to act on behalf of Plaintiff and
2  whether the corporate Plaintiff currently has the power to sue in the first place.  Failure to
3  comply with this directive will result in the imposition of sanctions, up to and including
4  dismissal of this action, without further notice to the parties.
5     IT IS SO ORDERED.
6  Dated:  March 21, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT