UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRATZ AERIAL AG SERVICE, INC., a North Dakota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN A. SLYKERMAN, individually and dba Agra Fly; et al.,<br><br>Defendants. | No. 1:15-cv-01070-MCE-JLT<br><br>**ORDER** |

Presently before the Court is a Motion to Withdraw as Counsel (ECF No. 55) filed by Elliott H. Stone of the Stone Law Firm ("Counsel"), counsel for Plaintiff Kratz Aerial Ag Service Inc. ("Plaintiff"), by which Counsel seeks to withdraw, leaving Plaintiff unrepresented. This Motion is governed by the requirements of Eastern District of California Local Rule 182(d), which provides, among other things, that an attorney may not withdraw under these circumstances, absent a noticed motion, appropriate affidavits, notice to the client and all other parties who have appeared, and compliance with the Rules of Professional Conduct of the State Bar of California. California Rule of Professional Conduct 3-700(C)(6) permits a member of the State Bar to seek to withdraw from representation when "[t]he member believes in good faith . . . that the tribunal will find the existence of . . . good cause for withdrawal." However, "[a] member

shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, . . . and complying with applicable laws and rules." Cal. Rules of Prof'l Conduct 3-700(A)(2).  Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit."  E.D. Cal. Local R. 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

The Court hereby submits the foregoing Motion (ECF No. 55) without oral argument, and the December 15, 2017, hearing is VACATED.  The Court defers ruling on the Motion, however, pending the submission of additional information.  Not later than ten (10) days following the date this order is electronically filed, Counsel is directed to file an affidavit advising the Court of Plaintiff's last known address and, given that Plaintiff is an entity unable to represent itself, outlining what steps, if any, counsel has taken to assist Plaintiff in securing new representation or to ensure Plaintiff had appropriate time to do so.[1]

IT IS SO ORDERED.

Dated: December 7, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that Counsel provided Plaintiff's last known address in the Motion to Withdraw itself, but the Local Rules require that the address be provided by way of affidavit.

2