UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KRATZ AERIAL AG SERVICE, INC., a North Dakota Corporation, | No. 1:15-cv-01070-MCE-JLT |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| JOHN A. SLYKERMAN, individually and dba Agra Fly; et al., | |
| Defendants. | |

On July 3, 2019, this action was dismissed without prejudice for failure to comply with the applicable rules and orders of this Court and because both sides had failed to prosecute their claims. ECF No. 82. Presently before the Court is Defendants' Motion for Reconsideration. ECF No. 86.[1]

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Accordingly, a district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4). The decision to grant or deny a motion for relief from judgment is addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003); Harman v. Harper, 7 F.3d 1455, 1458 (9th Cir. 1993).

Here, Defendants have failed to meet their burden to show reconsideration is warranted. Specifically, their Motion fails to present newly discovered evidence that would change the outcome of the Court's ruling or show that the Court committed clear error. In fact, Defendants' Motion merely reiterates the same arguments already rejected by the Court. Merely inviting the Court to revisit its previous decision is insufficient to justify the relief sought. See, e.g., Twentieth Century-Fox, 637 F.2d at 1341. Accordingly, Defendants' Motion for Reconsideration (ECF No. 86) is DENIED.

IT IS SO ORDERED.

DATED: November 19, 2019

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE